UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARTIN TUCKER, | * |
| Plaintiff, | * |
| v. | *  Civil Action No. 07-CV-1574 HHK |
| RELIANCE STANDARD LIFE INSURANCE COMPANY, *et al.*, | * |
| Defendants. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

RELIANCE STANDARD LIFE INSURANCE COMPANY'S
ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant Reliance Standard Life Insurance Company ("Reliance Standard") hereby answers plaintiff's complaint and asserts affirmative defenses as follows:

1. Admitted in part and denied in part. It is admitted only that plaintiff seeks relief under ERISA. It is denied that plaintiff is entitled to any relief.

2. Admitted.

3. To the extent that the averments in this paragraph are directed to answering defendant, said averments are denied.

4. Admitted in part and denied in part. It is admitted only that plaintiff seeks the relief identified in this paragraph and that the policy is part of an employee welfare benefit plan as defined by ERISA. It is denied that plaintiff is entitled to any of the relief he seeks.

5. Admitted upon information and belief.

6. Admitted.

7.  Admitted.

8.  Denied as stated. Reliance Standard made the final decision on plaintiff's disability claim.

9.  Denied. The plan only promises to pay disability benefits if a claimant meets all of the terms and conditions set forth in the plan.

10. Admitted in part and denied in part. It is admitted only that the language quoted in this paragraph appears in the policy. It is denied that all of the language is part of the definition of total disability. Some of the language in this paragraph is from the Limitations section of the policy.

11. Admitted in part and denied in part. It is admitted only that plaintiff claims to suffer from the conditions identified in this paragraph and that he underwent surgeries as a result. The remaining averments in this paragraph are denied as stated.

12. Admitted. By way of further response, plaintiff was no longer totally disabled at the time benefits were discontinued.

13. Admitted.

14. Denied as stated as the averments in this paragraph refer to a female claimant and the plaintiff is a male.

15. Denied as stated. It is admitted only that plaintiff timely filed an appeal dated January 26, 2006, which included certain information.

16. Admitted.

17. Denied as stated. It is admitted only upon information and belief that plaintiff was approved for social security disability benefits. It is further admitted that defendant refused

to accept additional documentation from plaintiff regarding the claim as it already issued its final decision and plaintiff sought to supplement the administrative record regarding his entitlement to additional benefits.

18.  Admitted.

19.  Denied.

20.  Denied as stated. It is admitted only that plaintiff's counsel requested certain documentation from defendant. By way of further response, Reliance Standard is not the plan administrator and is not obligated under ERISA to provide the plan documents requested by counsel for plaintiff.

21.  Denied as stated as answering defendant is not the plan administrator and is not in possession of the plan documents requested by plaintiff other than the policy. Moreover, answering defendant is not subject to the disclosure requirements under ERISA since it is not the plan administrator.

22.  Admitted in part and denied in part. It is admitted only that plaintiff requests the relief identified in this paragraph. It is denied that plaintiff is entitled to any relief.

23.  Admitted in part and denied in part. It is admitted only that plaintiff seeks attorney's fees and costs. It is denied that plaintiff is entitled to any attorney's fees or costs.

24.  Admitted in part and denied in part. It is admitted only that plaintiff requests statutory penalties under ERISA. It is denied that plaintiff is entitled to any statutory penalties and it is further denied that this statute applies to Reliance Standard.

25.  It is denied that plaintiff is entitled to any relief.

WHEREFORE, defendant Reliance Standard Life Insurance Company denies liability to plaintiff and requests that the court enter judgment in its favor affirming the denial of benefits and awarding to defendant its fees and costs together with such other equitable relief that the court deems fair and just.

## AFFIRMATIVE DEFENSES

1. Plaintiff's complaint fails to state a claim against Reliance Standard.

2. Plaintiff is not entitled to a jury trial under ERISA.

3. Reliance Standard is not the Plan Administrator for the subject long term disability plan.

4. Reliance Standard cannot be liable for statutory penalties under ERISA since it is not the plan administrator.

5. At the time benefits were discontinued, plaintiff was no longer totally disabled.

6. No additional benefits are owed under the terms of the subject plan.

7. Plaintiff failed to sustain his burden of proving his continued eligibility for benefits under the plan.

8. The denial of benefits is supported by substantial evidence.

9. The denial of benefits was not an abuse of discretion.

WHEREFORE, defendant Reliance Standard Life Insurance Company denies liability to plaintiff and requests that the court enter judgment in its favor affirming the denial of benefits and awarding to defendant its fees and costs together with such other equitable relief that the court deems fair and just.

                    Respectfully submitted,

                    _____/s/_____
                    Michael P. Cunningham
                    D.C. Bar No. 471832

                    Funk & Bolton, P.A.
                    Twelfth Floor
                    36 South Charles Street
                    Baltimore, Maryland 21201-3111
                    410.659.7700 (telephone)
                    410.659.7773 (facsimile)

                    Attorneys for Reliance Standard
                    Life Insurance Company

Dated: December 19, 2007

12004.002: 110953

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on this 19th day of December 2007, a copy of the Reliance Standard Life Insurance Company's Answer and Affirmative Defenses to Plaintiff's Complaint was electronically filed with the court and served via the court's ECF system. In addition, a paper copy was sent by first-class mail, postage prepaid, to:

>Scott B. Elkind, Esquire
>Elkind & Shea
>801 Roeder Road, Suite 550
>Silver Spring, Maryland  20910
>
>Attorney for Plaintiff

                                             /s/
                                  Michael P. Cunningham

12004.002: 110953